E-FILED
Thursday, 26 December, 2019  04:18:25 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **KATHY MINTUN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KENCO LOGISTIC SERVICES, LLC,** | ) | **Case No.**  2:19-cv-2348 |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## NOTICE OF REMOVAL

Defendant Kenco Logistic Services, LLC ("Kenco" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action from the Circuit Court of the Sixth Judicial Circuit, Macon County, Illinois, to this United States District Court for the Central District of Illinois, Urbana Division, on the following grounds:

### Plaintiff's Allegations and Relief Sought

1.      On or about November 15, 2019, Plaintiff Kathy Mintun ("Mintun") filed a Class Action Complaint ("Complaint") against Defendant in the Circuit Court of the Sixth Judicial Circuit, Macon County, Illinois ("State Court").  The case was assigned Case Number 2019L105. A copy of Mintun's Complaint is attached hereto as Exhibit A.

2.      The Complaint alleges that Defendant violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, by using a timekeeping system that allegedly collected, stored, used, and disseminated employees' biometric identifiers and biometric information: (1) without providing "a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information" or "retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data;" (2) without

first obtaining a written release from Plaintiff and the Class or informing them in writing "that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated" or "the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, sued and disseminated;" and (3) by "disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class's biometric identifiers and biometric information" without first obtaining their consent. (Exhibit A, ¶¶ 49, 82, 83, 91, 92, 101).

3.     For herself and each member of the putative class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief; (3) "statutory damages of $5,000 *for each* intentional and/or reckless violation of BIPA....or, in the alternative, statutory damages of $1,000 *for each* negligent violation of BIPA….;" and (4) reasonable attorneys' fees and costs and other litigation expenses.  (Exhibit A, ¶¶ 84, 94, 103, prayer for relief) (emphasis added).

4.     Both in her Complaint and in the Motion for Class Certification and Request for Discovery on Certification Issues she filed in the State Court ("Motion for Class Certification," attached hereto as Exhibit B), Plaintiff proposes certification of the following class: "All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period."  (Exhibit A, ¶ 71).  Defendant contends that Plaintiff's claims are subject to either a two-year or one-year statute of limitations, and reserves its right to assert as much.  However, for purposes of this removal petition, Defendant acknowledges that the longest potentially applicable limitations period for claims such as these is the catchall five-year period of 735 ILCS 5/13-205, and that several courts have held that BIPA claims are subject to a five-year statute of limitations. *See, e.g., Robertson v. Hostmark Hosp. Group, Inc.,* No. 18-CH-5194 (Cir. Ct. Cook Cty., July 31,

2019, Cohen, J.); *Chavez v. Temperature Equip. Corp.,* Case No. 19-CH-2538 (Cir. Ct. Cook Cty. Sept. 11, 2019, Jacobius, J.).[1]

### Timeliness of Removal

5.       On or about November 25, 2019, Mintun served the Summons (attached hereto as Exhibit C), Complaint and Motion for Class Certification upon the registered agents for Defendant. *See* Exhibits A, B, and C.  Defendant has not filed an answer or other responsive pleading to the Complaint, nor has it appeared or made any arguments before the State Court.  Pursuant to 28 U.S.C. § 1446(b), this removal is timely because this notice of removal is being filed within 30 days of service of the Summons and Complaint upon Defendant.

### Basis for Removal

6.       Removal is proper here under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d).  Under CAFA, United States District Courts have original jurisdiction over any class action: (i) involving a class of 100 or more members; (ii) where at least one member of the class is a citizen of a state different from any defendant; and (iii) in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d).  Here, all three of these CAFA prerequisites are satisfied.

7.       First, this class action involves a proposed class of more than 100 members.  In the five years preceding the filing of Plaintiff's Complaint, the current and former Kenco employees and temporary employees assigned to work at Kenco's facilities who used Kenco's timekeeping system in Illinois under conditions that Plaintiff alleges violated the BIPA number more than 1,000 in total.[2]  (*See* Declaration of Hillary Stewart, attached hereto as Exhibit D, ¶ 4).

---

[1] Copies of the *Robertson* and *Chavez* decisions are attached as Exhibit F.
[2] Defendant denies that it violated the BIPA, denies that a class could be properly certified and denies that Plaintiff or the putative class are entitled to any relief whatsoever.

8.      Plaintiff is a citizen of the State of Illinois, as she pleads in her Complaint.  (*See* Exhibit A, ¶ 4).  Kenco is not a citizen of the State of Illinois.  Kenco is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Chattanooga, Tennessee.  (*See* Declaration of Jay Elliott, attached as Exhibit E, ¶¶ 4, 5).  Moreover, Kenco's sole member is Kenco Group, Inc., a corporation organized and existing under the laws of the State of Tennessee and with its principal place of business in Chattanooga, Tennessee. (*See id.*, ¶ 6). Accordingly, Kenco is a citizen of the States of Delaware and Tennessee.

9.      Finally, the matter in controversy in this case exceeds $5 million, exclusive of interest and costs.  Plaintiff seeks statutory liquidated damages of $5,000 for each reckless or intentional violation of the BIPA, including in Count III where Plaintiff alleges that Defendant "systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS 14/15(d)(1)."[3]  (Exhibit A, ¶¶ 84, 94, 101-103, prayer for relief).  As previously noted, more than 1,000 current and former Kenco employees and temporary employees assigned to work at Kenco facilities used the timekeeping system at issue in Illinois in the five years prior to the filing of this case, which is the longest possible statutory period for this type of claim.

10.      If each of them were to recover the maximum amount Plaintiff seeks for each violation, *i.e.*, $5,000, the total award to Plaintiff and the putative class members would necessarily

---

[3] In removing this case, Defendant relies on opinions of federal judges finding that plaintiffs asserting third-party disclosure claims under Section 15(d) of the BIPA, 740 ILCS 14/15(d), have pled a concrete injury sufficient to confer standing under Article III of the United States Constitution. *See, e.g.*, *Dixon v. Washington & Jane Smith Cmty.*, No. 17 C 8033, 2018 U.S. Dist. LEXIS 90344, at *32 (N.D. Ill. May 31, 2018). In removing this action, Defendant does not rely on, and makes no representations regarding, Plaintiff's remaining claims.

4

total more than $5 million.[4] As such, the amount in controversy meets the $5 million threshold required to support removal under CAFA.

## Venue

11.     The United States District Court for the Central District of Illinois, Urbana Division, is the appropriate venue for removal of the State Court action.  Under 28 U.S.C. § 1441, a civil action brought in any state court in which the district courts of the United States have original jurisdiction are to be removed to the district court for the district and division embracing the place where the state court action is pending.  Here, the state action was filed in Macon County, Illinois, which lies in the Urbana Division of this district.

## Removal

12.     Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).  Defendant, therefore, is entitled to remove this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  In compliance with 28 U.S.C. §§ 1446(b), this Notice of Removal is filed with this Court within thirty (30) days after receipt of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based.  Further, as required by 28 U.S.C. § 1446(a), the Complaint, Summons, and any other "process, pleadings, and orders" served to date on Defendant are attached as Exhibits A-C.

13.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff on behalf of herself and the putative class, or conceding that Mintun has pled claims upon which relief can be granted.  Defendant further does not concede that any of the damages sought by Plaintiff are recoverable or that this case should proceed as a class action.

---

[4] Defendant maintains that, even if Plaintiff were able to establish liability, she and the members of the putative class would be entitled to no more than one recovery of $5,000 or $1,000 in statutory damages each, depending on whether the violation were deemed negligent, reckless or intentional.

This Notice of Removal will be promptly filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

14.     By copy of this document, and in accordance with the Certificate of Service, Defendant is providing notice to all parties in this action of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Kenco Logistic Services, LLC removes the instant action from the Circuit Court of the Sixth Judicial Circuit, Macon County, Illinois to this United States District Court for the Central District of Illinois, Urbana Division.

Respectfully submitted,

KENCO LOGISTIC SERVICES, LLC

Dated: December 26, 2019          By: /s/ *Jody Kahn Mason*
                                       One of its Attorneys

Jody Kahn Mason
Jason A. Selvey
JACKSON LEWIS P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illinois 60601
(312) 787-4949
Fax: (312) 787-4995
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on this 26th day of December, 2019, a true and correct copy of the foregoing ***Notice of Removal*** was served by email and U.S. Mail upon the following:

Brandon Wise
Paul Lesko
Peiffer Wolf Carr & Kane, APLC
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
bwise@pwcklegal.com
plesko@pwclegal.com

/s/ *Jody Kahn Mason*