**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **KATHY MINTUN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 2:19-cv-02348-CSB-EIL** |
| **KENCO LOGISTIC SERVICES, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**DEFENDANT KENCO LOGISTIC SERVICES, LLC'S
MOTION TO STAY ALL PROCEEDINGS OR, IN THE ALTERNATIVE, FOR AN
EXTENSION OF TIME IN WHICH TO FILE ITS RESPONSIVE PLEADING**

Defendant Kenco Logistic Services, LLC ("Kenco" or the "Company"), by its undersigned counsel, moves the Court to stay all proceedings in this matter pending a decision by the Illinois Appellate Court for the First Judicial District in *McDonald v. Symphony Bronzeville Park, LLC*, Case No. 1-19-2398 (1st Dist.) ("*McDonald*") or, in the alternative, for an extension of time to answer or otherwise plead to Plaintiff's Complaint. In support of this motion, Kenco states as follows:

1.     On November 15, 2019, Plaintiff filed a putative Class Action Complaint against Kenco alleging that it collected, used and stored her and others' alleged biometric identifiers and biometric information in violation of the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* (Compl. ¶¶ 9, 82, 83, 91, 92, 101). Specifically, Plaintiff alleges that Kenco violated Sections 15(a) and (b) of the BIPA by failing to make certain disclosures and obtain written releases from her and putative class members before allegedly obtaining their biometric identifiers or information and also by allegedly failing to publish a written policy with guidelines for the retention and destruction of biometric data. Plaintiff alleges that Kenco further violated Section

15(d) of the BIPA by failing to obtain consent from her and putative class members before allegedly disclosing their biometric identifiers or biometric information to third parties. (*Id.* at ¶¶ 9, 82, 83, 91, 92, 101). As a result, Plaintiff alleges Kenco exposed her and the putative class to "risks and harmful conditions." (*Id.* at ¶ 41). On behalf of herself and the putative class, Plaintiff seeks statutory damages of $5,000 for each of Defendant's alleged intentional and/or reckless violations of the BIPA, or, alternatively, $1,000 for each of Defendant's alleged negligent violations of the BIPA, as well as injunctive relief, attorneys' fees and costs. (*Id.* ¶¶ 84, 94, 103).

2.      If required to answer or otherwise plead to the Complaint, Kenco anticipates moving to dismiss Plaintiff's Complaint, in part, on the grounds that her claim for damages is preempted by the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1 *et seq.* Kenco will argue that because Plaintiff purports to bring claims on behalf of herself and a class of individuals that includes Kenco's current and former employees for alleged injuries sustained at work and in the line of duty, her exclusive remedy is through the regime established under the IWCA. As such, her claim for damages in the present case would be barred under the exclusivity provisions of the IWCA. 820 ILCS 305/5(a); 820 ILCS 305/11.

3.      On December 19, 2019, the Illinois Appellate Court for the First Judicial District granted an application for an interlocutory appeal under Ill. S. Ct. R. 308 to examine this exact argument in *McDonald v. Symphony Bronzeville Park, LLC*. *See* Exhibit A (Appellate Court order granting Rule 308 Petition). The precise question certified and currently before the First District is: "Do[] the exclusivity provisions of the Workers' Compensation Act bar a claim for statutory damages under BIPA where an employer is alleged to have violated an employee's statutory privacy rights under BIPA?" *See* Exhibit B (Symphony Bronzeville Park, LLC's Application for Leave to Appeal) at 15; *see also* Exhibit C (Cook County Order certifying question for appeal).

2

4.      Accordingly, the First District's holding in *McDonald* will determine whether one of the central bases for Defendant's anticipated motion to dismiss is meritorious. Indeed, should the First District find that the IWCA preempts claims for damages against employers under the BIPA, that decision would have binding effect on this Court and could effectively resolve the present case in its entirety.[1] It is well established that a federal district court is bound to follow the decisions of the state's highest court when addressing a state law claim. *Clarin Corp. v. Mass. Gen. Life Ins. Co.*, 44 F.3d 471, 474 (7th Cir. 1994); *Jackson v. Resolution GGF OY*, 1995 U.S. Dist. LEXIS 13717, *14 (N.D. Ill. Sept. 5, 1995). However, when the state supreme court has not ruled on an issue, decisions of intermediate state courts control unless there are persuasive indications that the highest state court would decide the issue differently. *Jackson*, 1995 U.S. Dist. LEXIS 13717, *14. As such, the decision in *McDonald* will be binding on this Court barring a persuasive indication that the Illinois Supreme Court would hold differently on the issue. There are no such indications and there could not be when the First District has not yet ruled.

5.      This Court also has "broad discretion in deciding whether to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). This discretion stems from a court's power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *CMB Exp., LLC v. Atteberry*, 2014 U.S. Dist. LEXIS 116095, *5 (C.D. Ill. Aug. 20, 2014); *see also CIGNA Healthcare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851 (7th Cir. 2002) ("A federal court is authorized to stay proceedings in a lawsuit before it because parallel proceedings are pending in another court, either federal or state.").

6.      In deciding whether to enter a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; (ii) whether

---

[1] While Plaintiff's request for injunctive relief would remain, Defendant is confident it would be easily resolved or otherwise disposed of.

a stay will simplify the issues in question and streamline the trial; and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Tap Pharm. Prods., Inc. v. Atrix Labs, Inc*., 2004 U.S. Dist. LEXIS 3684, at *3-4 (N.D. Ill. Mar. 4, 2004).

7.    In this case, a stay pending a decision by the First District in *McDonald* would simplify the issues in question, thereby promoting the efficient resolution of this matter and conserving judicial resources. Specifically, granting a stay here will avoid further briefing on an issue that is under direct appellate review and that could ultimately resolve Plaintiff's claim for monetary damages in its entirety. As such, a stay would promote judicial economy and allow both the parties and the Court to avoid what would otherwise be an unnecessary expenditure of resources.

8.    Plaintiff will not be prejudiced by a stay as each putative class member's claim for monetary damages is relatively modest, and many putative class members likely do not even know of the present suit. Moreover, the Court's decision is worth waiting for as an affirmative finding by the First District would effectively resolve the present case in its entirety.

9.    Additionally, several Judges in the Circuit Court of Cook County, Chancery Division, have recently stayed proceedings pending the First District's decision in *McDonald*.[2] *See Sanchez v. Elite Labor Services, Ltd.*, No. 18 CH 02651 (Jan. 14, 2020 Order entered by Judge Neil Cohen attached as Ex. D); *Woodard v. Dylan's Candybar LLC,* No. 19 CH 05158 (Jan. 15, 2020 Order entered by Judge Anna Helen Demacopoulos attached as Ex. E); *Gory v. Glencrest Healthcare and Rehabilitation Centre, Ltd.,* No. 19 CH 04326 (Jan. 6, 2020 Order entered by

---

[2] Although the *Sanchez, Woodard, Ayala, Gory*, *Raymundos, Thompson, Burt, Bedolla, Taylor* and *Grabowska* Orders are not binding on this Court, this Court may take judicial notice of them for purposes of deciding this motion. *See Schmude v. Sheaha*n, 312 F. Supp. 2d 1047, 1050 (N.D. Ill. March 29, 2004) ("Judicial notice may be taken of another court's order for the limited purpose of recognizing judicial act involved or subject matter of the litigation.").

Judge Anna Loftus attached as Ex. F); *Ayala v. American Louver Co. and Plasticade Products Corp.,* No. 19 CH 04163 (Dec. 12, 2019 Order entered by Judge Anna Loftus attached as Ex. G); *Madrigal v. Raymundos Food Group, LLC*, No. 19 CH 08939 (Jan. 23, 2020 Order entered by Judge David Atkins attached as Ex. H); *Thompson v. MAC Property Management, LLC,* No. 19 CH 10379 (Jan. 27, 2020 Order entered by Judge Anna Helen Demacopoulos attached as Ex. I); *Burt v. Anixter, Inc.,* No. 19 CH 04569 (Jan. 29, 2020 Order entered by Judge Neil Cohen attached as Ex. J); *Bedolla v. Office Furniture,* No. 19 CH 08550 (Jan. 28, 2020 Order entered by Judge Neil Cohen attached as Ex. K); *Taylor v. Oxford Hotels & Resorts,* No. 19 CH 03909 (Jan. 23, 2020 Order entered by Judge Neil Cohen attached as Ex. L); *Grabowska v. The Millard Group, LLC,* No. 17 CH 13730 (Jan. 29, 2020 Order entered by Judge Alison Conlon attached as Ex. M).

10.    Similar to the instant action, the plaintiffs in the *Sanchez*, *Woodard, Gory, Ayala, Raymundos, Thompson, Burt, Bedolla, Taylor* and *Grabowska* matters filed putative class action lawsuits in which they alleged violations of the BIPA. In each of those cases, the defendants moved to stay all proceedings pending the First District's decision in *McDonald*, and in each case, the motions to stay were granted pending the First District's decision in *McDonald*. Defendant respectfully submits that this Court should hold likewise.

11.    Defendant also will inform this Court of any decision of the Appellate Court for the First Judicial District in *McDonald v. Symphony Bronzeville Park, LLC,* within 14 days after issuance of the decision.

12.    Should the Court deny Defendant's request for a stay of proceedings, Defendant respectfully requests in the alternative that the Court extend the deadline for it to answer or otherwise plead to the Complaint to 14 days after the Court's ruling denying Defendant's request for a stay of proceedings.

**WHEREFORE**, Kenco Logistic Services, LLC respectfully requests that the Court grant this motion and stay this matter in its entirety pending a decision by the Appellate Court for the First Judicial District in *McDonald v. Symphony Bronzeville Park, LLC*, or, in the alternative, extend the deadline for Defendant to answer or otherwise plead as requested herein, and for any additional relief deemed just and appropriate.

Dated: January 31, 2020                    Respectfully submitted,

                                           **Kenco Logistic Services, LLC**

                                    By:    *s/ Jason Selvey*
                                           One of Its Attorneys

Jody Kahn Mason
Jason A. Selvey
Katherine H. Oblak
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com
Katherine.Oblak@jacksonlewis.com

## CERTIFICATE OF SERVICE

I, Jason A. Selvey, an attorney, certify that on January 31, 2020, I caused a true and correct copy of the attached DEFENDANT KENCO LOGISTIC SERVICES, LLC'S MOTION TO STAY ALL PROCEEDINGS OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME IN WHICH TO FILE ITS RESPONSIVE PLEADING, to be filed with the Clerk of the Court using the Electronic Filing System, which will send notification of such filing to all counsel of record registered with the Court's Electronic Filing System. I further certify that on January 31, 2020, I caused a true and correct copy of the attached to be emailed to all counsel of record in this action.

s/ Jason A. Selvey

# EXHIBIT A

No. 1-19-2398

---

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

---

| | | |
|---|---|---|
| MARQUITA MCDONALD | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Respondent, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 17 CH 11311 |
| SYMPHONY BRONZEVILLE | ) | |
| PARK, LLC, | ) | Honorable |
| | ) | Raymond Mitchell |
| Defendants-Applicants. | ) | Judge, presiding. |

---

**ORDER**

This matter coming to be heard on the application of defendant-applicant, SYMPHONY BRONZEVILLE PARK, LLC, for leave to appeal under Illinois Supreme Court Rule 308, an answer having been filed by plaintiff-respondent, Marquita McDonald.

IT IS HEREBY ORDERED that the application is GRANTED.

_____
PRESIDING JUSTICE

_____
JUSTICE

_____
JUSTICE

**ORDER ENTERED**

DEC 1 9 2019

APPELLATE COURT FIRST DISTRICT

# EXHIBIT B

E-FILED
Transaction ID: 1-19-2398
File Date: 11/27/2019 2:09 PM
Thomas D. Palella
Clerk of the Appellate Court
APPELLATE COURT 1ST DISTRICT

NO. 1-19-_____

---

**IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT**

---

MARQUITA McDONALD,

Plaintiff-Respondent,

v.

SYMPHONY BRONZEVILLE PARK, LLC, *et al.*,

Defendant-Applicant.

---

Application from the Circuit Court of Cook County,
Case No. 2017-CH-11311
The Honorable Raymond Mitchell, Judge Presiding

---

**DEFENDANT-APPLICANT SYMPHONY BRONZEVILLE PARK, LLC'S
APPLICATION FOR LEAVE TO APPEAL IN ACCORDANCE WITH
ILLINOIS SUPREME COURT RULE 308**

---

Richard P. McArdle (#6216504; rmcardle@seyfarth.com)
Joseph A. Donado (#6277386; jdonado@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive; Suite 8000
Chicago, Illinois 60606

***Attorneys for Defendant-Applicant
Symphony Bronzeville Park, LLC***

**<u>ORAL ARGUMENT REQUESTED IF THE APPLICATION IS ALLOWED</u>**

# POINTS AND AUTHORITIES

**Page**

NATURE OF THE APPLICATION ................................................................ 1

    Illinois Biometric Information Privacy Act, 740 ILCS § 14/1, *et seq.* ............................................................................................................. 1

    820 ILCS § 305/5(a) ............................................................................... 1

    820 ILCS § 305/11 .................................................................................. 1

    *Folta v. Ferro Eng'g,*
        2015 IL 118070 ................................................................................ 2

    *Meerbrey v. Marshall Field & Co.,*
        139 Ill. 2d 455 (1990) .................................................................... 2

    *Sjostrom v. Sproule,*
        33 Ill.2d 40 (1965) ......................................................................... 2

    *Unger v. Continental Assurance Co.,*
        107 Ill.2d 79 (1985) ....................................................................... 2

    *Collier v. Wagner Castings Co.,*
        81 Ill. 2d 229 (1980) ...................................................................... 3

    *Pathfinder Co. v. Industrial Comm'n,*
        62 Ill. 2d 556 (1976) ...................................................................... 3

    *People ex rel. Birkett v. Dockery,*
        235 Ill. 2d 73 (2009) ...................................................................... 3

    *Accettura v. Vacationland, Inc.,*
        2019 IL 124285 ................................................................................ 3

    *Metro. Life Ins. Co. v. Hamer,*
        2013 IL 114234 ................................................................................ 3

    Ill. S. Ct. R. 308 ...................................................................................... 3

STATEMENT OF FACTS ............................................................................ 4

    *Lewis v. Lead Indus. Ass'n, Inc.,*
        342 Ill. App. 3d 95 (1st Dist. 2003) .............................................. 5

    *Williams v. Manchester,*
        228 Ill. 2d 404 (2008) .................................................................... 5

*Rosenbach v. Six Flags Entm't Corp.*,
    2019 IL 123186 ................................................................ 6

*People v. Coe*,
    2018 IL App (4th) 170359 ............................................... 6

**STATEMENT OF THE CERTIFIED QUESTION** ................. 8

**REASONS SUPPORTING THE APPLICATION** ................. 9

**I.**     **The Certified Question Presents A "Question Of Law" About Which There Is "Substantial Basis" For "Difference Of Opinion."** ................................................................ 9

    *Ill. S. Ct. R. 308* ....................................................... 9

    *Bowman v. Ottney*,
        2015 IL 119000 ................................................. 9

    *Johnston v. Weil*,
        241 Ill. 2d 169 (2011) ...................................... 9

    *Solon v. Midwest Medical Records Ass'n*,
        236 Ill.2d 433 (2010) ....................................... 9

    *Bass v. Cook Cty. Hosp.*,
        2015 IL App (1st) 142665 ................................ 9

    *In re Marriage of Akula*,
        404 Ill. App. 3d 350 (1st Dist. 2010) .............. 9

    *Doe v. Sanchez*,
        2016 IL App (2d) 150554 ................................ 9

    *Costello v. Governing Bd. of Lee County Special Educ. Ass'n*,
        252 Ill. App. 3d 547 (2nd Dist. 1993) ............ 9

    **A.**     **Workers' Compensation Exclusivity Applies To Any "Injury" Arising In The "Line Of Duty" And The "Course Of Employment."** ................................. 10

        *Richardson v. Cty. of Cook*,
            250 Ill. App. 3d 544 (1st Dist. 1993) .......... 10

        820 ILCS § 305/5(a) ...................................... 10

        820 ILCS § 305/11 ......................................... 10

*Gannon v. Chicago, M., St. P. & P. Ry. Co.*,
13 Ill. 2d 460 (1958)...................................................... 10

*Vacos v. LaSalle Madison Hotel Co.*,
21 Ill. App. 2d 569 (1st Dist. 1959) ........................... 10

Dram Shop Act.................................................................... 11

*Carey v. Coca-Cola Bottling Co. ofChicago*,
48 Ill. App. 3d 482 (2d Dist. 1977) ............................. 11

*Laird v. Baxter Health Care Corp.*,
272 Ill. App. 3d 280 (1st Dist. 1994) .......................... 11

1.      **McDonald's Injury Is "Compensable" Because It Arises Within The Line Of Duty And The Course Of Her Employment.** .......................... 11

*Folta v. Ferro Eng'g*,
2015 IL 118070 ....................................... 11, 12

*Baylay v. Etihad Airways P.J.S.C.*,
881 F.3d 1032 (7th Cir. 2018)........................ 11

*Baylay v. Etihad Airways P.J.S.C.*,
222 F. Supp. 3d 698 (N.D. Ill. 2016), *aff'd*, 881 F.3d 1032 (7th Cir. 2018) ....................................... 12

*Garland v. Morgan Stanley & Co.*,
2013 IL App (1st) 112121 ............................. 12

*Copass v. Ill. Power Co.*,
211 Ill. App. 3d 205 (4th Dist. 1991) .............................................. 12

*Mayfield v. ACME Barrel Co.*,
258 Ill. App. 3d 32 (1st Dist. 1994) .............................................. 12

820 ILCS 305/5(a) and 11 ................................... 12

*Sjostrom v. Sproule*,
33 Ill.2d 40 (1965)........................................ 12

*Unger v. Continental Assurance Co.*,
107 Ill.2d 79 (1985)...................................... 13

*Meerbrey v. Marshall Field & Co.*,
   139 Ill. 2d 455 (1990) ...................................... 13

*Pathfinder Co. v. Industrial Comm'n*,
   62 Ill. 2d 556 (1976) ........................................ 13

*Collier v. Wagner Castings Co.*,
   81 Ill. 2d 229 (1980) ........................................ 13

Restatement (Second) of Torts §
   652A ............................................................ 13

*Schmidt v. Ameritech Illinois*,
   329 Ill. App. 3d 1020 (1st. Dist.
   2002) ............................................................ 13

*Braun v. Flynt*,
   726 F.2d 245 (5th Cir. 1984) ........................... 13

*Bolduc v. Bailey*,
   586 F. Supp. 896 (D. Colo. 1984) ................... 13

820 ILCS § 305/5(a) ............................................. 13

820 ILCS § 305/11 ............................................... 13

*Richardson v. Cty. of Cook*,
   250 Ill. App. 3d 544 (1st Dist.
   1993) ............................................................ 13

*People ex rel. Birkett v. Dockery*,
   235 Ill. 2d 73 (2009) ........................................ 14

*Accettura v. Vacationland, Inc.*,
   2019 IL 124285 ............................................... 14

*Metro. Life Ins. Co. v. Hamer*,
   2013 IL 114234 ............................................... 14

**2.    BIPA Does Not Repeal The Exclusivity
        Provisions In The Workers' Compensation Act** ........... 14

740 ILCS § 14/5 ................................................... 14

740 ILCS § 14/10 ................................................. 14

*In re May 1991 Will Cty. Grand Jury*,
    152 Ill. 2d 381 (1992)......................................14

*Gannon v. Chicago, M., St. P. & P. Ry. Co.*,
    13 Ill. 2d 460 (1958)........................................15

*Meerbrey v. Marshall Field & Co.*,
    139 Ill. 2d 455 (1990)......................................15

*1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*,
    2015 IL 118372 ................................................15

*Knolls Condominium Ass'n v. Harms*,
    202 Ill. 2d 450 (2002)......................................15

*Barragan v. Casco Design Corp.*,
    216 Ill. 2d 435 (2005)......................................15

*Vacos v. LaSalle Madison Hotel Co.*,
    21 Ill. App. 2d 569 (1st Dist. 1959) ................................................15

**B.    That McDonald Also Asserted A Common-Law Negligence Claim Illustrates That There Is A "Subtantial Basis" To Conclude That Workers' Compensation Exclusivity Should Apply.**................................16

*Ulm v. Mem'l Med. Ctr.*,
    2012 IL App (4th) 110421 ..........................................16

*Core Constr. Servs. of Illinois, Inc. v. Zurich Am. Ins. Co.*,
    2019 IL App (4th) 180411 ..........................................16

*Falge v. Lindoo Installations, Inc.*,
    2017 IL App (2d) 160242 ..........................................16

*Feret v. Schillerstrom*,
    363 Ill. App. 3d 534 (2d Dist. 2006) ..........................16

*Gannon v. Chicago, M., St. P. & P. Ry. Co.*,
    13 Ill. 2d 460 (1958)..................................................16

*Vacos v. LaSalle Madison Hotel Co.*,
    21 Ill. App. 2d 569 (1st Dist. 1959) ........................... 16

*Carey v. Coca-Cola Bottling Co. of*
    *Chicago*, ...................................................................... 16

*Laird v. Baxter Health Care Corp.*,
    272 Ill. App. 3d 280 (1st Dist. 1994) ......................... 16

820 ILCS § 305/5(a) .................................................... 16, 18

820 ILCS § 305/11 ...................................................... 16, 18

BLACK'S LAW DICTIONARY (11th ed. 2019) .................... 16

*Meerbrey v. Marshall Field & Co.*,
    139 Ill. 2d 455 (1990) ............................................. 17, 18

*Pathfinder Co. v. Industrial Comm'n*,
    62 Ill. 2d 556 (1976) .................................................... 17

*Collier v. Wagner Castings Co.*,
    81 Ill. 2d 229 (1980) .................................................... 17

*Goins v. Mercy Ctr. for Health Care Servs.*,
    281 Ill. App. 3d 480 (2d Dist. 1996) .......................... 17

410 ILCS 305/1 *et seq.* ...................................................... 17

*Bank of New York Mellon v. Laskowski*,
    2018 IL 121995 ............................................................ 17

*Folta v. Ferro Eng'g*,
    2015 IL 118070 ....................................................... 17, 18

II.    **An Immediate Appeal Of The Certified Question Will Materially Advance The Ultimate Termination Of This Litigation.** ............................................................ 19

    *Voss v. Lincoln Mall Mgmt. Co.*,
        166 Ill. App. 3d 442 (1988) ...................................... 19

    *Solon v. Midwest Medical Records Ass'n*,
        236 Ill.2d 433 (2010) ................................................ 19

**CONCLUSION** ............................................................................ 20

## **NATURE OF THE APPLICATION**

Plaintiff Marquita McDonald filed this purported class action against her former employer, Defendant Symphony Bronzeville Park, LLC ("Bronzeville") asserting claims under the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1, *et seq.* ("BIPA"), alleging that Bronzeville failed to provide adequate notice regarding the collection and storage of her "biometric information" (C6 at ¶5), *i.e.*, the data collected by the alleged "fingerprint scanner" that McDonald used when clocking in and out of work (C6-C10 at ¶¶2, 5, 17, 22), during her three-month tenure (C11 at ¶28). McDonald does not allege that her "biometric information" has been hacked, improperly disclosed, or otherwise compromised, but nonetheless alleges that she has suffered "bodily injury in the form of mental anguish * * * when thinking about what would happen to her biometric data if [Bronzeville] went bankrupt, whether [Bronzeville] will ever delete her biometric information, and whether [] [Bronzeville] shares her biometric information." (C12 at ¶36)

Given that McDonald alleges that she suffered a "bodily injury" and "mental anguish" arising from the course of her employment, Bronzeville moved to dismiss the Complaint, contending that the exclusivity provisions of the Illinois Workers' Compensation Act barred her claim for damages. (C43-C45; C103-C106) In accordance with those exclusivity provisions, an employee, like McDonald here, has "no common law or statutory right to recover damages from the employer" for an "injury [] sustained * * * while engaged in the line of [her] duty," 820 ILCS § 305/5(a), or for an injury "arising out of and in the course of the employment," 820 ILCS § 305/11. Notably, however, Bronzeville conceded in its briefing that these exclusivity provisions bar only McDonald's claim for damages such that McDonald could still seek injunctive or declaratory relief (C106), including an Order requiring Bronzeville "to comply with [] BIPA's requirements

for the collection, storage, and use of biometric identifiers and biometric information." (C17 at ¶56; *see also* C18).

On June 17, 2019, the Circuit Court denied Bronzeville's motion to dismiss. (C109-C112)  Despite McDonald's allegations of "bodily injury" and "mental anguish" (C12 at ¶36), the Circuit Court held that this workplace injury was not "compensable" for purposes of Workers' Compensation exclusivity (C111).  In particular, the Circuit Court deemed McDonald's alleged injury to be "the loss of the ability to maintain her privacy rights" that "is neither a psychological nor physical injury."  (C111)  The Circuit Court further held that the exclusivity provisions in the Workers' Compensation Act do not apply because "BIPA specifically defines a written release in the employment context showing the drafters intended for BIPA to apply to violations by employers in the workplace." (C111 (citing 740 ILCS § 14/10))

Thereafter, Bronzeville moved to reconsider and, alternatively, to certify questions for interlocutory appeal.  (C113-C148)  The upshot of that motion was that the Circuit Court's decision conflicted with the plain language of the Workers' Compensation exclusivity provisions—which bars an employee's claim for damages for an "injury" suffered in the "line of duty" or "arising out of and in the course of the employment"—and with Illinois Supreme Court authority that [1] broadly construes those provisions, *Folta v. Ferro Eng'g*, 2015 IL 118070, ¶¶14, 18-30 ("[i]n discussing the scope of the exclusivity provisions under the Workers' Compensation Act, this Court has indicated that the Act generally provides the exclusive means by which an employee can recover against an employer for a work related injury"); *Meerbrey v. Marshall Field & Co*., 139 Ill.2d 455, 467–68 (1990) (injuries allegedly arising from an employee's "false imprisonment" fall

within exclusivity provisions of Workers' Compensation Act); *see also Sjostrom v. Sproule*, 33 Ill.2d 40, 43 (1965); *Unger v. Continental Assurance Co.*, 107 Ill.2d 79, 85 (1985); *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 237 (1980); *Pathfinder Co. v. Industrial Comm'n*, 62 Ill. 2d 556, 566-67 (1976); and that [2] makes clear that a court "cannot rewrite a statute, and depart from its plain language, by reading into it exceptions, limitations or conditions not expressed by the legislature," *People ex rel. Birkett v. Dockery*, 235 Ill. 2d 73, 81 (2009); *Accettura v. Vacationland, Inc*., 2019 IL 124285, ¶11 (same); *Metro. Life Ins. Co. v. Hamer*, 2013 IL 114234, ¶18.

The Circuit Court denied Bronzeville's motion to reconsider, but properly recognized that its dismissal order involves a question of law to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.  (C1-C4)  If this Court accepts Bronzeville's application for leave, this appeal will determine whether an employee who alleges she has suffered a "bodily injury" and "mental anguish" from clocking in and out from work can sue her employer for (bet-the-company) damages arising from those injuries, even though the Illinois Workers' Compensation Act precludes employees from suing their employers for damages relating to injuries incurred in the line of work and arising from employment. And to be sure, this is an issue of immense magnitude:  this suit is but one of hundreds pending across the state wherein employees are attempting to certify classes that seek to impose ruinous damages upon their employers.  Accordingly, Bronzeville respectfully submits that resolving this critical question at the appellate level will advance the ultimate termination of this case and myriad others.  *See* Ill. S. Ct. R. 308.

## STATEMENT OF FACTS

### *McDonald Alleges That Clocking In And Out From Work Caused Her To Suffer A "Bodily Injury In The Form Of Mental Anguish"*

McDonald worked for Bronzeville for less than three months—a period spanning from December 2016 to February 2017.  (C11 at ¶28)  McDonald alleges that she and other Bronzeville employees are required to scan their fingerprints in Bronzeville's time clocks as part of a "biometric time tracking system" and "means of authentication."  (C6 at ¶2)  McDonald further alleges that each time she began and ended her workday she was required to scan her fingerprint (C11 at ¶31) and that these fingerprint scans were subsequently stored in Bronzeville's databases.  (C11 at ¶30)

McDonald contends that this time-clock system violates BIPA, which she describes as "simply an informed consent statute" that does not "absolute[ly] bar [ ] the collection, sending, transmitting or communicating of biometric data."  (C9-C10 at ¶19)  Specifically, McDonald alleges that Bronzeville "disregards its employees' statutorily protected privacy rights and unlawfully collects, stores, and uses their biometric data in violation of [] BIPA" by failing to:

- Properly inform McDonald and the Class members in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA;

- Provide a publicly available retention schedule and guidelines for permanently destroying McDonald's and the Class's fingerprints, as required by BIPA; and

- Receive a written release from McDonald or the members of the Class to collect, capture, or otherwise obtain their fingerprints, as required by BIPA.

(C6 at ¶5)  McDonald, however, does ***not*** allege that her fingerprints or biometric information have been improperly disclosed to a third-party, or somehow compromised,

-4-

but nonetheless she alleges that she "has continuously and repeatedly been exposed to the risks and harmful conditions created by [Bronzeville's] violations of [] BIPA" (C12 at ¶35) such that she has "experienced bodily injury in the form of mental anguish." (C12 at ¶36) As she puts it, she "experiences mental anguish and injury when thinking about what would happen to her biometric data if [Bronzeville] went bankrupt, whether [Bronzeville] will ever delete her biometric information, and whether (and to whom) [Bronzeville] shares her biometric information." (C12 at ¶36 (parentheses in original))

McDonald also asserts a negligence claim that parrots her BIPA claim. (C17-C18 at ¶¶57-64)[1] In connection with that claim, McDonald alleges that Bronzeville failed to exercise reasonable care in the collection and use of her biometric identifiers or biometric information: "[s]pecifically [Bronzeville was] required to collect, retain, store, and use [McDonald's] and the Class's biometric information and identifiers in compliance with the standards set forth by [] BIPA." (C17 at ¶ 58.) To assert such a claim, McDonald had to have suffered an alleged "injury," for without an injury her negligence claim would have been patently deficient. *See, e.g., Lewis v. Lead Indus. Ass'n, Inc*., 342 Ill. App. 3d 95, 101 (1st Dist. 2003) (to sustain a negligence claim a defendant's breach of duty must have "caused a present injury" (citing *Dillon v. Evanston Hospital*, 199 Ill.2d 483, 496–507 (2002)); *Williams v. Manchester*, 228 Ill. 2d 404, 425 (2008) (same).

---

[1] In the face of a Section 2-615 motion to dismiss filed by Symphony Healthcare, LLC (C51-C54)—one of the two original Defendants in this matter—McDonald opted to drop that entity as a defendant rather than respond to the motion. (C72-C74) The Circuit Court granted leave for McDonald to amend the complaint to name two new parties, but Bronzeville's motion to dismiss the original complaint proceeded to full briefing. (C92) It is the original complaint to which Bronzeville's motion to dismiss pertains. (C92; C3 at n.3 ("The Court notes that in addition to alleging a violation of her privacy rights under BIPA, Plaintiff's complaint alleges that she suffered mental anguish and mental injury."))

***Because McDonald's Alleged Injury Arises from Her Employment, Bronzeville Moves To Dismiss Based On Workers' Compensation Exclusivity***

Following the Illinois Supreme Court's resolution of the *Rosenbach* case, Bronzeville moved to dismiss the Complaint in accordance with 735 ILCS 5/2-619(a)(9). (C21-C46)  In that motion, Bronzeville argued that one of these two things must be true: either McDonald has not suffered a "distinct and palpable injury" (such that she lacks standing under Illinois common law)[2] or she suffered a "distinct and palpable" injury arising from and in connection with her employment (such that her claims would be preempted by the Illinois Workers' Compensation Act, which provides the exclusive remedy for workplace-related harms).  (C27-C28; C107)

The Circuit Court denied that motion, determining [1] that McDonald had suffered a "real and significant" injury from clocking in and out from work, but [2] that her "real and significant injury" was not compensable under the Illinois Workers' Compensation Act.  (C109-C112)  The Circuit Court reasoned as follows:

> The [Workers' Compensation] Act is the exclusive remedy for workplace injuries unless the employee can demonstrate her injury (1) was not accidental, (2) did not arise from employment, (3) was not received during the course of employment, or (4) is not compensable under the Act. *Meerbrey v. Marshall Field & Co*., 139 Ill. 2d 455, 463 (1990).  In *Schroeder*, the court held that psychological injuries caused by a physical trauma or injury are compensable under the Act. *Schroeder v. RGIS, Inc*., 2013 IL App (1st) 122483, ¶30.  However, the injury that McDonald suffered was the loss of the ability to maintain her privacy rights.  This is neither a psychological nor physical injury and is not compensable under the Act.

---

[2] Statutory standing and common-law standing are two different concepts: common-law standing "requires an injury in fact to a legally recognized interest," whereas statutory standing "requires the fulfillment of statutory conditions in order to sue for legislatively created relief."  *See People v. Coe*, 2018 IL App (4th) 170359, ¶43. Bronzeville's motion to dismiss pertained to the former; the *Rosenbach* decision pertains to the latter.  *See Rosenbach v. Six Flags Entm't Corp*., 2019 IL 123186, ¶1.

(C111)  The Circuit Court further held that "BIPA specifically defines written release in the employment context showing the drafters intended for BIPA to apply to violations by employers in the workplace."  (C111 (citing 740 ILCS § 14/10).

### *The Circuit Court Certifies A Question For Immediate Appeal To Determine Whether An Employee Can Sue Her Employer For Damages Under BIPA*

Thereafter, Bronzeville moved for reconsideration and, in the alternative, to certify questions for interlocutory appeal.  (C113-C148)  The Circuit Court denied reconsideration, but it further determined that "[w]hether a statutory privacy claim is preempted by the Workers Compensation Act remains unsettled" and that "whether the Workers' Compensation Act's exclusivity provisions bar Plaintiff's claim for statutory damages under BIPA is a question on which there is room for difference of opinion."  (C1-C4)  In line with that determination, on October 29, 2019, the Circuit Court granted Bronzeville's motion to certify (C4), and this application ensued.

## <u>STATEMENT OF THE CERTIFIED QUESTION</u>

In accordance with Illinois Supreme Court Rule 308, the Circuit Court certified the

following question of law for interlocutory appeal:

> Do[] the exclusivity provisions of the Workers' Compensation Act bar a
> claim for statutory damages under BIPA where an employer is alleged to
> have violated an employee's statutory privacy rights under BIPA?

(C4)  Bronzeville hereby timely submits this application for leave to appeal on November

27, 2019, which is within 30 days of the Circuit Court Order certifying the above-stated

question.  (*See* C1-C4)

## REASONS SUPPORTING THE APPLICATION

This application satisfies the requirements of Illinois Supreme Court Rule 308(a). That Rule authorizes appeal from an interlocutory order not otherwise appealable if, in its discretion, this Court agrees with the Circuit Court and likewise determines: [1] that the order at issue involves a question of law as to which there is substantial ground for difference of opinion and [2] that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* Ill. S. Ct. R. 308(a). For the reasons set forth below, the Circuit Court was correct in determining that certification under Rule 308 is appropriate.

## I.   The Certified Question Presents A "Question Of Law" About Which There Is "Substantial Basis" For "Difference Of Opinion."

The first requirement of Rule 308 is satisfied here. The certified question presents a "question of law" because it pertains to an issue of statutory construction, *see, e.g., Bowman v. Ottney*, 2015 IL 119000, ¶8 (issue of statutory construction appropriate for review under Rule 308 and addressing interplay of two statutes); *Johnston v. Weil*, 241 Ill. 2d 169, 175 (2011) (same); *see also Solon v. Midwest Medical Records Ass'n*, 236 Ill.2d 433, 439 (2010) (similar); *Bass v. Cook Cty. Hosp.*, 2015 IL App (1st) 142665, ¶13 (similar); *In re Marriage of Akula*, 404 Ill. App. 3d 350, 355 (1st Dist. 2010) (similar); and there is a "substantial basis" for a "difference of opinion" because that question of law is one of first impression, *see, e.g., Doe v. Sanchez*, 2016 IL App (2d) 150554, ¶20 (allowing certified questions where "there is no directly applicable case law answering whether a private busing company owes students a heightened standard of care and, if so, whether it can be vicariously liable for its employees' acts outside the scope of employment"); *Costello v. Governing Bd. of Lee County Special Educ. Ass'n*, 252 Ill. App. 3d 547, 552-

553 (2nd Dist. 1993) (allowing appeal under Rule 308 where the issue was one of "first impression"). That the certified question presents a novel question of law is reason enough to deem the first requirement of Rule 308 satisfied.

In addition, for the reasons set forth below, "a substantial basis exists for a difference of opinion" because the Circuit Court resolved the question of law at issue in a way that conflicts with both the plain language of the Workers' Compensation Act and the Illinois Supreme Court authority that should have controlled the outcome.

### A. Workers' Compensation Exclusivity Applies To Any "Injury" Arising In The "Line Of Duty" And The "Course Of Employment."

The exclusivity provisions of the Workers' Compensation Act bar McDonald from recovering statutory damages under BIPA. Those exclusivity provision specifically provide that an employee has "[n]o common law *or statutory right* to recover damages from the employer * * * for injuries incurred in the course of her employment." *Richardson v. Cty. of Cook*, 250 Ill. App. 3d 544, 547 (1st Dist. 1993) (emphasis added); 820 ILCS § 305/5(a) (providing that an employee has "[n]o common law *or statutory right* to recover damages from the employer") (emphasis added); 820 ILCS § 305/11 ("the compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer * * * for accidental injuries sustained by any employee arising out of and in the course of the employment"). Indeed, the Illinois Supreme Court has explained that "[t]he language of the [exclusivity] section, read alone, leaves no room for construction [because] it bars *any* 'statutory right to recover damages for injury." *See Gannon v. Chicago, M., St. P. & P. Ry. Co*., 13 Ill. 2d 460, 463 (1958) (holding that Workers' Compensation Act preempts employee claim brought under a statute) (emphasis added). Others courts have similarly so held. *See also, e.g., Vacos v.*

-10-

*LaSalle Madison Hotel Co*., 21 Ill. App. 2d 569, 572 (1st Dist. 1959) (affirmed preemption of employee's statutory damages claims under the Dram Shop Act; the "clear language of [Section 5(a)] bars any right . . . to recover" outside the Workers' Compensation Act); *Carey v. Coca-Cola Bottling Co. of Chicago*, 48 Ill. App. 3d 482, 484 (2d Dist. 1977) (affirmed dismissal of employee's Structural Work Act claims against his employer under Section 5(a) of Illinois Workers' Compensation Act); *Laird v. Baxter Health Care Corp*., 272 Ill. App. 3d 280, 285 (1st Dist. 1994), *as modified* (May 22, 1995) (statutory wrongful death claim preempted:  the Workers' Compensation Act "was designed to balance the interests and rights of both the employee and the employer").  This authority should have controlled the outcome here:  the Workers' Compensation Act "leaves no room for construction" because it plainly bars a statutory right an employee has to recover damages for a work-related injury against an employer, such as the statutory right to damages under BIPA.

> **1.      McDonald's Injury Is "Compensable" Because It Arises Within The Line Of Duty And The Course Of Her Employment.**

To circumvent the plain language of the exclusivity provisions, McDonald must demonstrate that her injury [1] "was not accidental," [2] "did not arise from [her] employment," [3] "was not received during the course of [her] employment," or [4] "is not compensable under the Act."  *Folta*, 2015 IL 118070, ¶14; *see also Baylay v. Etihad Airways P.J.S.C*., 881 F.3d 1032, 1039 (7th Cir. 2018) (plaintiff bears burden of establishing exception to Workers' Compensation exclusivity provision).  At issue in this application is the Circuit Court's determination that McDonald's injury is excluded from the Workers' Compensation Act because it is not "compensable."  (C4)

-11-

There is a "substantial basis" to differ with the Circuit Court's determination that McDonald's alleged injury is not "compensable."  McDonald admits that her alleged injury arose out of her employment and was received during the course of her employment (*see, e.g., id.* at ¶¶35, 36),[3] which in turn means that her injury falls within the holding of Supreme Court cases that have expansively construed Workers' Compensation exclusivity. *See Folta*, 2015 IL 118070, ¶14 ("[i]n discussing the scope of the exclusivity provisions under the Workers' Compensation Act, [the Illinois Supreme Court] has indicated that the Act generally provides the exclusive means by which an employee can recover against an employer for a work related injury").  Under those cases, an injury is "compensable under the Act" whenever it "aris[es] out of and in the course of the employment."[4]  *See id.* at

---

[3] Bronzeville will note parenthetically that the injury McDonald allegedly suffered from placing her finger on a time-clock scanner is "accidental."  (*See also* C14-C17 at ¶¶41, 51-56)  Courts have construed the term "accidental" "to be a comprehensive one that is almost without boundaries," such that it that includes "willful and wanton" conduct, *see Baylay v. Etihad Airways P.J.S.C.*, 222 F. Supp. 3d 698, 704 (N.D. Ill. 2016), *aff'd*, 881 F.3d 1032 (7th Cir. 2018) (citing authority; internal quotation omitted), and all other conduct except that where the "employer [ ] acted deliberately and with specific intent to injure the employee," *Garland v. Morgan Stanley & Co.*, 2013 IL App (1st) 112121, ¶29; *Copass v. Ill. Power Co.*, 211 Ill. App. 3d 205, 214 (4th Dist. 1991) (similar); *Mayfield v. ACME Barrel Co.*, 258 Ill. App. 3d 32, 35 (1st Dist. 1994) (similar).  And because there are no allegations that Bronzeville implemented a time-clock system with the specific intent of injuring McDonald—nor could there be given the constraints of Illinois Supreme Court Rule 137—McDonald's injury is accidental, and she cannot establish that the first exception to exclusivity applies.

[4] In *Folta*, the Illinois Supreme Court explained the evolution away from older cases that once limited the exclusivity rule to physical injuries and how it has historically rejected arguments just like the one McDonald made in the proceedings below—that the exclusivity provisions should be somehow limited to certain categories of injuries.  *See Folta*, 2015 IL 118070 at ¶¶10-36.  The Illinois Supreme Court has consistently rejected attempts to limit the Act's application based on the nature of the injury because any such limitation would conflict with the plain language of the statute and an unflinching line of authority broadly interpreting exclusivity.  *See id.*  In other words, the Workers' Compensation Act does not distinguish between types of injuries except in one respect—it requires only that the injury be an "accidental" one "arising out of and in the course of the employment." *See* 820 ILCS 305/5(a) and 11.

¶¶18-30; *Sjostrom*, 33 Ill.2d at 43 ("the 'line of duty' test is therefore construed as identical to the general test of compensability, 'arise out of and in the course of employment'"); *Unger*, 107 Ill.2d at 85 ("The pivotal question . . . is whether the injury alleged is compensable under the Act.  An injury will be found to be compensable if it "aris[es] out of and in the course of the employment.").  The test for "compensability" is as simple as that.  *See, e.g., Meerbrey*, 139 Ill. 2d at 467–68 (exclusivity applied to employee's claims of false imprisonment, false arrest, and malicious prosecution where employee alleged only various non-physical injuries like "humiliation"); *see also Pathfinder*, 62 Ill. 2d at 564-65; *Collier*, 81 Ill. 2d at 237.

In other words, neither the statute nor Illinois Supreme Court precedent exempts non-physical injuries from exclusivity or injuries arising from an alleged invasion of privacy.[5]  Rather, an "injury" is compensable so long as it arises from the "line of duty," 820 ILCS § 305/5(a), or "in the course of [ ] employment," 820 ILCS § 305/11.  *See Richardson*, 250 Ill. App. 3d at 548 ("an injury is compensable under the Act if it was sustained during the course of employment and arose from that employment"); *see also Unger*, 107 Ill. 2d at 85–86 ("[a]n injury will generally be found to arise "in the course of the employment when it occurs within the period of employment at a place where the

---

[5] Bronzeville will further note that invasion-of-privacy-type claims are tort claims, RESTATEMENT (SECOND) OF TORTS § 652A, that involve "psychological" injuries, which is another reason why they should not be treated differently from other tort injuries for purposes of Workers' Compensation exclusivity.  *See, e.g., Schmidt v. Ameritech Illinois*, 329 Ill. App. 3d 1020, 1035 (1st. Dist. 2002) (discussing "mental anguish" in considering whether the plaintiff stated an actual injury sufficient to sustain an intrusion upon seclusion claim); *see also, e.g., Braun v. Flynt*, 726 F.2d 245, 250 (5th Cir. 1984) (recognizing "that the principal element of injury in a defamation action is impairment of reputation while an invasion of privacy claim is founded on mental anguish"); *Bolduc v. Bailey*, 586 F. Supp. 896, 902 (D. Colo. 1984) ("invasion of privacy involves injury to the person, primarily through mental and emotional distress").

employee may reasonably be in the performance of his duties, and while he is fulfilling those duties or engaged in something incidental thereto") (internal quotation omitted). Any other result would conflict not only with unequivocal Illinois Supreme Court precedent, but also with the plain language of the exclusivity provisions. *See also Birkett*, 235 Ill. 2d at 81 ("[i]t is a cardinal rule of statutory construction that we cannot rewrite a statute, and depart from its plain language, by reading into it exceptions, limitations or conditions not expressed by the legislature"); *Accettura*, 2019 IL 124285 at ¶11 (same); *Metro. Life Ins.*, 2013 IL 114234 at ¶18 (same). In any event, McDonald *does* allege that she suffered a "bodily injury in the form of mental anguish" and that her employer negligently caused that injury; thus, McDonald's alleged injury falls squarely within the ambit of the Workers' Compensation Act.

### 2. BIPA Does Not Repeal The Exclusivity Provisions In The Workers' Compensation Act.

Contrary to the Circuit Court's suggestion (C111), there is no reason to conclude that, by enacting BIPA, the Illinois legislature sought to upheave the liability protection to common law and statutory claims that employers enjoy with respect to workplace-related injuries. For starters, BIPA appears in Chapter 740 of the Illinois Code, which is titled "Civil Liabilities," whereas laws specifically applicable to employers and their employees are contained in Chapter 820, which is aptly named the "Employment" chapter of the Illinois Code. Moreover, BIPA's "Legislative Findings" section makes no mention of employers or employees, 740 ILCS § 14/5, and, in fact, the terms "employment" and "employee" appear in BIPA only once at the end of 740 ILCS § 14/10, buried within the definition of the phrase "written release." Accordingly, because there is no *express* repeal of Workers' Compensation exclusivity, BIPA "should not be construed to effect a change

-14-

in the settled law of the State" because neither its place in the Illinois Code nor its text "clearly require[s] such a construction," *In re May 1991 Will Cty. Grand Jury*, 152 Ill. 2d 381, 388 (1992); and, moreover, it is the Workers' Compensation Act, not BIPA, that contains an exclusivity provision, *see Gannon*, 13 Ill. 2d at 463 (holding that Workers' Compensation Act preempts employee claim brought under a statute); *see also Meerbrey*, 139 Ill. 2d at 462 (Workers' Compensation Act intended to protect employers from the "prospect of large damage verdicts") (internal quotation omitted).

Even if there were "[a]n apparent conflict between statutes, they must be construed in harmony," *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co*., 2015 IL 118372, ¶37, "so that no provisions are rendered inoperative," *Knolls Condominium Ass'n v. Harms*, 202 Ill. 2d 450, 458–59 (2002); *Barragan v. Casco Design Corp*., 216 Ill. 2d 435, 441–42 (2005) (the "court has a duty to interpret the statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible"). Here, it is easy to give effect to both BIPA and the Workers' Compensation Act: to the extent an employee can demonstrate that injunctive or declaratory relief is appropriate, then that employee can obtain redress under BIPA; but to the extent the employee seeks a "statutory right" to damages under BIPA, that claim is preempted by the exclusive remedies afforded under the Workers' Compensation Act. *See Gannon*, 13 Ill. 2d at 462-63 (noting that an employee could not sue his employer under the Scaffold Act in light of Workers' Compensation exclusivity, but that a non-employee could); *Vacos*, 21 Ill. App. 2d at 572 (similar). And given that the two statutes can be construed harmoniously, there is a "substantial basis" for differing opinions as to whether the

exclusivity provisions of the Workers' Compensation Act prohibit an employee from suing her employer for damages under BIPA.

### B. That McDonald Also Asserted A Common-Law Negligence Claim Illustrates That There Is a "Substantial Basis" To Conclude That Workers' Compensation Exclusivity Should Apply.

Another example demonstrates why there is "substantial basis" to differ with the Circuit Court's dismissal order. Recall that the Complaint alleges a common-law negligence claim based on the same facts and same injury alleged in support of McDonald's BIPA claim. (C17-C18 at ¶¶57-64) While the Circuit Court did not reach the issue, Bronzeville respectfully submits that Workers' Compensation exclusivity would bar McDonald's negligence claim as a straightforward application of black-letter law. *See Ulm v. Mem'l Med. Ctr.*, 2012 IL App (4th) 110421, ¶55 (the Workers' Compensation Act preempts employees' negligence claims); *Core Constr. Servs. of Illinois, Inc. v. Zurich Am. Ins. Co.*, 2019 IL App (4th) 180411, ¶27 (the Workers' Compensation Act "prohibits employees from suing their employers for negligence"); *Falge v. Lindoo Installations, Inc.*, 2017 IL App (2d) 160242, ¶14 (same).

There is no principled reason why a BIPA claim premised on the same facts and same injury should obtain a different fate. Again, BIPA does not contain an express repeal provision, *see Feret v. Schillerstrom*, 363 Ill. App. 3d 534, 540 (2d Dist. 2006) (explaining express repeal), and the plain language of Workers' Compensation Act does not except invasion-of-privacy-type injuries or any other type of injury.[6]  820 ILCS § 305/5(a); 820 ILCS § 305/11. Rather, the Workers' Compensation Act categorically preempts all claims

---

[6] In this regard, BIPA is just like the other statutory claims that have been held to be preempted by Workers' Compensation exclusivity. *See, e.g., Gannon*, 13 Ill. 2d at 463; *Vacos*, 21 Ill. App. 2d at 572; *Carey*, 48 Ill. App. 3d at 484; *Laird*, 272 Ill. App. 3d at 285

for damages—whether based on common-law or a statute—brought by an employee for an injury arising out of, and during the course of, employment.  *See* BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "injury" to mean "[t]he violation of another's legal right, for which the law provides a remedy; a wrong or injustice"); *see also, e.g., Meerbrey*, 139 Ill. 2d at 467–68 (holding that "humiliation" and other similar injuries were "compensable " where the plaintiff asserted theories of false imprisonment, false arrest, and malicious prosecution unrelated to  physical harm: "plaintiff offers no principled basis for distinguishing between the emotional injuries which he allegedly suffered in the course of his employment, and those deemed compensable in *Pathfinder* and *Collier*").  In other words, nothing in BIPA or the Workers' Compensation Act justifies treating McDonald's alleged "bodily injury" and "mental anguish" differently simply because that injury was re-characterized as an invasion of privacy rights.  (C111)

Plus, if the result were any different, then an employer would have complete protection from claims brought by plaintiffs who seek to recover mental anguish damages on a negligence theory and no protection whatsoever from massive (and potentially ruinous) damages claims brought by plaintiffs who suffered ***the exact same injury*** but seek to recover on a different theory of liability.  *See also, e.g., Goins v. Mercy Ctr. for Health Care Servs*., 281 Ill. App. 3d 480, 487–88 (2d Dist. 1996) (holding that an employee's claim under the AIDS Confidentiality, 410 ILCS 305/1 *et seq.* would have been preempted by Workers' Compensation exclusivity but for the determination that the employer, a hospital, was acting not in its capacity as an employer, but rather as a medical provider to an injured employee).  Not only would such a result buck common sense, *see also Bank of New York Mellon v. Laskowski,* 2018 IL 121995, ¶12 (a court presumes that the legislature

-17-

did not intend absurd results), but it would also conflict with Illinois Supreme Court precedent, *see, e.g., Meerbrey*, 139 Ill. 2d at 467–68 (no "principled basis" to distinguish the same type of injury previously deemed to be "compensable" where plaintiff sought to recover for that injury based on a different theory of liability).  Regardless, the point remains:  the Circuit Court (and all other courts) are bound by the plain language of the Workers' Compensation Act, which does not carve out invasion-of-privacy injuries from exclusivity.

*    *    *

In sum, reasonable minds could differ with the Circuit Court as to question of whether an employee's statutory claim for damages under BIPA can proceed against her employer [1] in light of exclusivity provisions that bars an employee's "statutory right to recover damages from the employer * * * for [an] injury [ ] sustained by any employee while engaged in the line of [] duty," 820 ILCS § 305/5(a); or that arises "out of and in the course of employment," 820 ILCS § 305/11, and [2] in light of the long line of Illinois Supreme Court cases holding that the analysis of whether an injury is compensable hinges merely upon whether that injury arose in connection with, and during the course of, employment, *see, e.g., see Folta*, 2015 IL 118070, ¶24 (the test for whether an injury falls within exclusivity provisions is whether the injury is one "arising out of and in the course of employment").  Thus, given this authority and the fact that the certified question would present issues of first impression, the first requirement for certification under Rule 308 is satisfied here.

-18-

II.     **An Immediate Appeal Of The Certified Question Will Materially Advance The Ultimate Termination Of This Litigation.**

The second requirement under Rule 308 is likewise satisfied. An immediate appeal would materially advance the ultimate termination of this litigation because the certified question would conclusively establish whether the exclusivity provision of the Illinois Workers' Compensation Act bars an employee's claim for money damages under BIPA. In turn, the answer to that question would be case dispositive—and hence would materially advance the termination of this case—because it is the potential for bet-the-company damages that is driving the litigation, such that if Bronzeville prevails on appeal this case will almost certainly settle or otherwise be resolved. In contrast, if an immediate appeal is not allowed, substantial time and expense will be spent litigating McDonald's claims, including her class action claims, before appellate review could be obtained. *See Voss v. Lincoln Mall Mgmt. Co*., 166 Ill. App. 3d 442, 448 (1988) (explaining that interlocutory appeals are typically granted in cases that may either be "potentially long and expensive" or "involve 'controlling' questions of law as to which one possible resolution would necessarily dispose of the case"). Because this case presents precisely the type of situation that Rule 308(a) is designed to address, *see Solon v. Midwest Med. Records Ass'n, Inc*., 236 Ill. 2d 433, 439 (2010) (issuing a supervisory order directing the appellate court to accept the appeal and consider the certified question of statutory construction), Bronzeville requests that the Court accept this application so that it can provide guidance to this case and hundreds of BIPA cases pending in state and federal courts.

-19-

## **CONCLUSION**

The need for appellate intervention here is manifest. This appeal presents a critically important issue of law as to which there is substantial ground for difference of opinion and that may materially advance the ultimate termination of this case and hundreds of other BIPA cases that are currently pending. Accordingly, Bronzeville respectfully requests that the Court grant this application for leave to appeal under Illinois Supreme Court Rule 308.

DATED November 27, 2019  Respectfully submitted,

         SEYFARTH SHAW LLP

         By: /s/ *Joseph A. Donado*

         Richard P. McArdle (#6216504; rmcardle@seyfarth.com)
         Joseph A. Donado (#6277386; jdonado@seyfarth.com)
         SEYFARTH SHAW LLP
         233 South Wacker Drive; Suite 8000
         Chicago, Illinois 60606

         *Attorneys for Defendant-Applicant Symphony Bronzeville Park, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief conforms to the requirements of Rules 341(a) and (b). The length of this brief, excluding the pages containing or words contained in the Rule 341(d) cover, the Rule 341(h)(1) statement of points and authorities, the Rule 341(c) certificate of compliance, the certificate of service, and those matters to be appended to the brief under Rule 342(a), is 20 pages.

*/s/ Joseph A. Donado*
Joseph A. Donado
Counsel for Defendant-Applicant

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney states that he caused **Defendant-Applicant Symphony Bronzeville Park, LLC's Application for Leave To Appeal Under Illinois Supreme Court Rule 308** to be electronically filed on this 27th day of November 2019 with:

> Appellate Court of Illinois
> First Judicial District
> Office of the Clerk of the Court
> 160 North LaSalle St.
> Chicago, IL 60601

The undersigned attorney further states that he caused three true and correct copies of the foregoing **Defendant-Applicant Symphony Bronzeville Park, LLC's Application for Leave To Appeal Under Illinois Supreme Court Rule 308** to be served on the following counsel for Plaintiff-Respondent Marquita McDonald by email and overnight courier on this 27th day of November 2019:

| | |
|---|---|
| Eli Wade-Scott | David Fish |
| EDELSON PC | John Kunze |
| 350 North LaSalle Street, 13th Floor | THE FISH LAW FIRM |
| Chicago, Illinois 60654 | 200 East Fifth Avenue, Suite 123 |
| T: (312) 589-6370 | Naperville, Illinois 60564 |
| F:  (312) 589-6378 | T:  (630) 355-7590 |
| | F:  (630) 778-0400 |

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*/s/ Joseph A. Donado*

-22-

# EXHIBIT C

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

Marquita McDonald, individually and
on behalf of all others similarly situated,

            Plaintiff,

    v.

Symphony Bronzeville Park, LLC,
Symcare Healthcare LLC, and Symcare
HMG LLC.

            Defendants.

Case No.  17 CH 11311

Calendar 2
Courtroom 2601

Judge Raymond W. Mitchell

## ORDER

This case is before the Court on Defendant Symphony Bronzeville Park LLC's motion for reconsideration or, alternatively, to certify questions for immediate appeal under Illinois Supreme Court Rule 308. Defendant also moves for a stay of the lawsuit pending appeal.

### I.

Plaintiff Marquita McDonald filed a class action complaint against Defendant Symphony Bronzeville Park, LLC, alleging violations of the Biometric Information Privacy Act and negligence.[1] Defendant responded to Plaintiff's complaint by filing a motion to dismiss pursuant to 735 ILCS 5/2-619. That motion was denied on two grounds. The Court held that Plaintiff established standing to bring suit in alleging a violation to her statutory privacy rights under BIPA. *See* 6/17/2019 Order. In addition, the Court held that the Workers' Compensation Act's exclusivity provisions did not otherwise bar Plaintiff's claims. *See Id.* Defendant subsequently filed this motion to reconsider and alternative motion for certification pursuant to Illinois Supreme Court Rule 308.

### II.

Defendant moves for reconsideration of the determination that the Workers' Compensation Act's exclusivity provisions did not bar Plaintiff's claims. The Court held that Workers' Compensation exclusivity did not apply because Plaintiff's injury was the loss of the ability to maintain her privacy rights, which is not a psychological or physical injury that is compensable under the Act. Further, the

---

[1]    Plaintiff has since filed an amended complaint removing Symphony Health Care, LLC and adding two new Defendants: Symcare Healthcare, LLC and Symcare HMG, LLC.

Court analyzed that BIPA specifically defines written release in the employment context showing the drafters intended for BIPA to apply to violations by employers in the work place. *See* 740 ILCS 14/10. For these reasons, Defendant's motion to reconsider is denied. Nevertheless, there is a dearth of case law on the issue, and the Court recognizes that there is room for difference of opinion. Therefore, Defendant's motion for certification pursuant to Supreme Court Rule 308 will be addressed.

Supreme Court Rule 308 is an exception to the general rule that only final orders from a court are subject to appellate review. *Morrisey v. City of Chicago*, 334 Ill. App. 3d 251, 257 (1st Dist. 2002). Although Supreme Court Rule 308 provides a mechanism for interlocutory appeals, the procedure was "intended to be used sparingly; it was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Id.* at 257. Appeals under Rule 308 should be limited to certain exceptional circumstances, and should be strictly construed. *Id.* at 258 (citing *Voss v. Lincoln Mall Management Co.*, 166 Ill. App 3d 442, 445 (1st Dist. 1988)). A court should certify a case for interlocutory appeal only if: (1) there is a substantial ground for difference of opinion relating to the trial court's ruling; and (2) an immediate appeal may advance the ultimate determination of the litigation. *Eshagdhi v. Hanley*, 214 Ill. App. 3d 995, 998 (1st Dist. 1991).

The Workers' Compensation Act provides that an "employee has no common law or statutory right to recover damages from the employer." 820 ILCS 305/5(a). Section 11 states that, "the compensation herein provided, together with the provisions of this Act shall be the measure of the responsibility of any employer…for accidental injuries sustained by any employee arising out of and in the course of the employment." 820 ILCS 305/11. These provisions bar an employee from bringing a common law or statutory damages claims unless the employee can demonstrate her injury (1) was not accidental, (2) did not arise from employment, (3) was not received during the course of employment, or (4) is not compensable under the Act. *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 463 (1990). In determining whether an injury is compensable under the Act, courts consider if it "arises out of and in the course of the employment." *Unger v. Continental Assurance Co.*, 107 Ill. 2d 79, 85 (1985).

Defendant contends that Illinois Appellate Court precedent supports that statutory privacy injuries are not excepted from the Workers' Compensation Act's exclusivity provisions. Relying on *Goins v. Mercy Center for Health Care Services*, Defendant argues that the Appellate Court considered that a statutory privacy injury under the AIDS Confidentiality Act would have been preempted by Workers' Compensation exclusivity, but for the determination that Defendant was not acting as the plaintiff's employer. 281 Ill. App. 3d 480, 489 (2nd Dist. 1996). The Appellate Court, however, did not reach whether the Workers' Compensation Act preempted

claims under the Aids Confidentiality Act. In fact, no determination was made as to the compensability of the privacy injury had the defendant been acting as the plaintiff's employer. *Id.* Whether a statutory privacy claim is preempted by the Workers Compensation Act remains unsettled.

Defendant also argues that Illinois Supreme Court decisions finding emotional and psychological injuries compensable under the Workers' Compensation are determinative to the exclusivity issue in this case. Defendant relies on *Pathfinder Co. v. Industrial Com.*, 62 Ill. 2d 556, 565 (1976), *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 238, (1980), and *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 469 (1990) to support its contention that psychological injuries are compensable under the Act. *Pathfinder* found that an employees' severe emotional shock as a result of witnessing and assisting an injured co-employee was compensable. *Pathfinder*, 62 Ill. 2d at 563. Similarly, in *Collier* the Supreme Court held that an employee's intentional infliction of emotional distress claim resulting from inadequate medical treatment administered by a company medical attendant was barred by the Act. *Collier*, 81 Ill. 2d at 237. *Meerbrey* likewise determined that an employee's emotional injuries resulting from false imprisonment fell within the Act's exclusivity provisions. *Meerbrey*, 139 Ill. 2d at 469 (finding that the plaintiff waived the argument that his emotional injuries were not compensable under the Act by failing to raise it before the trial court).

None of these Supreme Court decisions resolve the issue here. Although Defendant broadly construes the holdings to support the compensability of emotional and psychological injuries, including those resulting from invasion of privacy, the Supreme Court has recognized the distinct nature of a claim arising under BIPA. *Rosenbach*, 2019 IL 123186, ¶ 37. Indeed, a claim for emotional or psychological injury is not required to pursue statutory damages under BIPA. *Id.* at ¶ 37.[2] The Supreme Court determined that, "[t]o require individuals to wait until they have sustained some compensable injury beyond violation of their statutory rights before they may seek recourse...would be completely antithetical to the Act's preventative and deterrent purposes." *Id.*

In light of these decisions, whether the Workers' Compensation Act's exclusivity provisions bar Plaintiff's claim for statutory damages under BIPA is a question on which there is room for difference of opinion.

## B.

Defendant also moves for a stay of proceedings pending resolution of the certified issues by the Appellate Court. A circuit court may stay proceedings as part of its inherent authority to control the disposition of cases before it. *Philips*

---

[2]    The Court notes that in addition to alleging a violation of her privacy rights under BIPA, Plaintiff's complaint alleges that she suffered mental anguish and mental injury.

*Electronics, N.V. v. New Hamp. Ins. Co.*, 295 Ill. App. 3d 895, 901(1st Dist. 1998) (citing *Disciplined Investment Advisors v. Schweihs*, 272 Ill. App. 3d 681, 692 (1st Dist. 1995)). In determining whether to stay proceedings, a court may consider factors such as: the orderly administration of justice and judicial economy; whether a stay is necessary to secure the fruits of the appeal in the event the movant is successful; the movant's likelihood of success on the merits; and the likelihood that the respondent will suffer hardship *Id.* at 901-902; *Stacke v. Bates*, 139 Ill. 2d 295, 305-307 (1990). After considering these factors, and that the resolution of the certified issues may be dispositive, a stay of proceedings is appropriate.

III.

Therefore, it is hereby ORDERED:

(1)   Defendant's motion for certification for interlocutory appeal on the issue of whether the Workers Compensation Act preempts Plaintiff's claim under BIPA is GRANTED, and the following question is certified for appeal:

> "Does the exclusivity provisions of the Workers' Compensation Act bar a claim for statutory damages under BIPA where an employer is alleged to have violated an employee's statutory privacy rights under BIPA?"

(2)   Defendant's motion instanter for leave to file an oversized reply brief is GRANTED.

(3)   Defendant's motion to reconsider the Court's Order of June 17, 2019, is DENIED.

(4)   Defendant's motion to stay the proceedings pending a resolution of the issues before the Appellate Court is GRANTED.

ENTERED,

_____

Judge Raymond W. Mitchell, No. 1992

# EXHIBIT D

Order

(Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sanchez

v.

Elite Labor Services, Ltd.,
et al.

No. 18-CH-02651

### ORDER

This matter coming to be heard on status a
discovery and on Defendant Elite Labor Services,
Ltd.'s motion to stay, due notice given and
the court being fully advised, it is so ordered:
Defendant's motion is granted;
This matter ~~delayed~~ is set for further status
on June 16, 2020 at 9:30am.

Attorney No.: 43734
Name: Haley Jenkins
Atty. for: TT
Address: 100 N. Riverside #2150
City/State/Zip: Chicago IL 60606
Telephone: 312-233-1550

**ENTERED:**

Dated: 1-14-20

Judge                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT E

Order                                                    (Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Woodard

v.                                     No. 2019 CH 05158

Dylan's Candybar, LLC

**ORDER**

This matter coming to be heard on Defendant's motion to
stay all proceedings and Defendant's motion to reconsider ruling
on motion to dismiss, with the Court being fully advised,
IT IS HEREBY ORDERED;

① Defendant's motion to stay all proceedings is GRANTED;

② This matter is stayed in full and any all pending
   deadlines are stricken; and

③ This matter is set for a case management conference
   on 4/30/2020 at 9:30 am.

Attorney No.: 39408

Name: Jason Selvey / Jackson Lewis P.C.        **ENTERED:**        Judge Anna Helen Demacopoulos

Atty. for: Defendant                                               **JAN 15 2020**

Address: 150 N. Michigan Ave. #2500                Dated: _____,

City/State/Zip: Chicago, IL 60601                                  **Circuit Court - 2002**

Telephone: 312-787-4949

_____            _____
Judge                      Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT F

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Margaret Gory

v.

Glencrest Healthcare and
Rehab. Centre, Ltd

**ORDER**

No. 2019 CH 04326

Hon. Anna M Loftus

This matter coming to be heard on the motion ~~application~~ of defendant Glencrest, for a stay of proceedings until such time as the appeal in ~~Symphony~~ McDonald v Symphony, case No 17 CH 11311 is decided by the First District Court of Appeals, and both parties having appeared,

It is hereby ordered that the motion to stay is GRANTED.

Status on stay set for April 14, 2020, at 10:00 a.m

Attorney No.: 90747

Name: Seyfarth Shaw LLP

Atty. for: Defendant

Address: 233 South Wacker Dr #8000

City/State/Zip: Chicago IL 60606

Telephone: 312 460-5154

ENTERED:

Dated:

_Judge Anna M. Loftus_
_JAN 6 2020_
_Circuit Court-2102_

Judge           Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# EXHIBIT G

Order          (Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ayala
       v.

American Louver Co. &
Plasticade Corp.

No. 2019 CH 04163

**ORDER**

This matter coming before the Court on Defendant's Motion for Stay of Proceedings, the Parties present in the premises and the Court duly appraised, it is hereby Ordered:

(1) Defendant's motion to stay is granted;

(2) January 6th, 2020 status is stricken;

(3) Status hearing set for February 6th, 2020 at 10 a.m.

Attorney No.: 90747
Name: Seyfarth Shaw LLP
Atty. for: Defendant
Address: 233 S. Wacker Drive, Suite 8000
City/State/Zip: Chicago, IL 60606
Telephone: (312) 460-5000

ENTERED:

Judge Anna M. Loftus

Dated: DEC 12 2019

Circuit Court - 2102

Judge            Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT H

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

LUVIA MADRIGAL, on behalf of herself    )
and similarly situated laborers, known    )
and unknown,    )
    )
       *Plaintiff,*    )
    )
**v.**    )
    )
RAYMUNDOS FOOD GROUP, LLC,    )
    )
       *Defendant.*    )

Case No.:  2019 CH 08939

Judge David Atkins

Calendar 16

### ORDER GRANTING DEFENDANT RAYMUNDOS FOOD GROUP, LLC'S
### MOTION TO STAY ALL PROCEEDINGS

This matter, coming before the Court on Defendant Raymundos Food Group, LLC's

Motion to Stay All Proceedings, and the Court being fully advised, it is hereby ordered that the

Motion to Stay All Proceedings is GRANTED.

This matter is stayed in its entirety pending the decision of the Appellate Court for the First

Judicial District on the certified question it accepted for review in *McDonald v. Symphony*

*Bronzeville Park, LLC.*

It is further ordered that the Defendant shall inform this Court of any decision of the

Appellate Court for the First Judicial District in *McDonald v. Symphony Bronzeville Park, LLC,*

within 14 days after issuance of the decision.

All current deadlines and hearing dates are hereby stricken. *This court having reviewed*
*the motion Counsel for Plaintiff present or not opposing the*
*instant motion.*

Entered: _____

Prepared by:
Jody Kahn Mason

So Ordered: _____
          Judge David Atkins

**JUDGE DAVID B. ATKINS**

**JAN 23 2020**

Circuit Court-1879

6

# EXHIBIT I

Order                                             (Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Thompson (P)

**v.**                                No. 19-CH-10379

MAC Property Management, LLC (D)
Key Control Holding, Inc. (RID)

**ORDER**

This matter coming before the Court on Defendant's Amended Motion to Stay and RID's Motion to Extend Time to respond to Plaintiff's Summons, due and adequate notice having been given, and the Court being duly advised in the premises, IT IS HEREBY ORDERED:

1. Defendant's motion to stay is granted. This matter is stayed as to Defendant until the Illinois Appellate Court for the First Judicial District decides McDonald v. Symphony Bronzeville Park LLC, No. 1-19-2395.

2. RID's motion to extend is ~~denied. RID~~ granted. RID shall respond to Plaintiff's Summons by February 10, 2020.

3. The May 12, 2020 status stands.

Attorney No.: 62075
Name: Schuyler Ufkes / Edelson PC
Atty. for: π
Address: 350 N. LaSalle, 14th Floor
City/State/Zip: Chicago IL 60654
Telephone: 312 - 819 - 2104

**ENTERED:**

Dated: _____

Judge Anna Helen Demacopoulos

JAN 27 2020

Circuit Court - 2002

Judge _____     Judge's No. _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT J

Order                                                    (Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Burt

v.                          No. 2019-CH-04569

Anixter, Inc et al

**ORDER**

ENTERED
Judge Neil H. Cohon - cv21
JAN 29 2020
COOK C.

This matter coming before the court on
Defendants' Motion for leave to file an
additional affirmative defense and
motion for stay of proceedings, the court
having been fully advised in the premises,
it is hereby ordered:

① Defendant's motion to stay proceedings in
granted.

② Defendant Anixter, Inc. ~~to~~ motion for leave to file an additional affirmative
defense is granted.

③ Plaintiff's answer to the amended affirmative defense
is held in abeyance.

④ The status date of March, 16, 2020 is stricken.

⑤ Status is set for May 13, 2020 at 9:30am.

Attorney No.: 29558

Name: Madison shepley (SMB)              **ENTERED:**

Atty. for: Anixter INC, et al.

Address: 330 N. Wabash, #3300            Dated: __1-29-20__.

City/State/Zip: Chicago, IL 60611

Telephone: 312-321-9100

Judge                              Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT K

Order                                                    (Rev. 02/24/05) CCG N002

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Bedolla

v.                                    No. 19-CH-08550

Office Furniture, et al.

**ORDER**

This Matter coming before the court for status on settlement efforts, the court being fully advised in the premises,

IT IS HEREBY ORDERED:

① Defendant's Motion to Stay is advanced to January 28, 2020;

② the February 10, 2020 Motion presentment hearing is stricken; over plaintiff's objection

③ Defendant's Motion to Stay is Granted; this Matter is stayed pending the First District's Ruling on the workers' compensation issue; and

④ this Matter is set for status on the appeal on May 13, 2020 at 9:30 a.m.

Attorney No.: 56618
Name: Jad Sheikali
Atty. for: π
Address: 55 W Wacker Drive
City/State/Zip: Chicago, IL 60601
Telephone: 312-893-7002 - ext.7

ENTERED:

Dated: 1-28-20,

Judge                    Judge's No.

ENTERED
Judge Neil H. Cohen 4021
JAN 28 2020
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT L

Order                                                          (Rev. 02/24/05) CCG N002

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Henry Taylor

          v.

Oxford Hotels & Resorts

No. 19-CH-03909

**ORDER**

This matter coming to be heard on
Defendant's motion to stay, due notice
given and the court being advised,  over plaintiff's
it is so ordered:                                    objection
      Defendant's motion is granted, this
matter is set for further status on
April 8, 2020 at 9:30 A.M

**ENTERED**
Judge Noil H. Quhen-cv 21
**JAN 23 2020**
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney No.: 90384
Name: Hinshaw & Culbertson
Atty. for: △
Address: 151 N Franklin, Suite 2500
City/State/Zip: Chicago, IL 60606
Telephone: 312-704-3000

**ENTERED:**

Dated: 1-23-20

_____
Judge                          Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT M

Order                (Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

GRABOWSKA

v.

MILLARD GROUP

No. 17-CH-13730

### ORDER

This matter having come before The Court for status on settlement, The Court being fully advised in The premises,

IT IS HEREBY ORDERED:

1) This matter is stayed pending The First ~~District~~ Appellate District's decision in McDonald v. Symphony Bronzeville; and

2) This matter is set for status on stay on June 1, 2020, at 9:30 a.m.

Attorney No.: 56618

Name: McGUIRE LAW P.C.

Atty. for: π

Address: 55 W. Wacker Dr. 9th Fl.

City/State/Zip: Chicago, IL 60601

Telephone: 312-893-7002

**ENTERED:**

Dated: _____

Judge Alison C. Conlon

JAN 29 2020

_____

Judge

Circuit Court Judge's No. 2140

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**