UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| KATHY MINTUN and TYRON HILL-PATTERSON, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 19-2348 |
| KENCO LOGISTICS SERVICES LLC, | ) ) ) ) | |
| Defendant. | ) ) | |

**O R D E R**

This matter is before the Court on Defendant's Motion to Stay the Proceedings (#7). Plaintiffs filed a Response (#10) objecting to Defendant's Motion to Stay. For the reasons discussed below, Defendant's Motion to Stay the Proceedings is DENIED.

**I.     INTRODUCTION**

This matter was removed from Illinois State Court on the basis of Diversity Jurisdiction under 18 U.S. Code § 1441 and § 1446. Plaintiffs bring this lawsuit alleging that Kenco Logistics Services, LLC, ("Kenco") violated Illinois' Biometric Information Privacy Act ("BIPA"). (Amended Complaint #9, p. 1); 740 ILCS 14/15(a); 740 ILCS 14/15(d). Kenco filed a Motion to Stay because of the matter that is pending before an Illinois Appellate Court in *McDonald v. Symphony Bronzeville Park, LLC* ("*McDonald*"). Kenco also requested the Court extend the deadline 14 days for Kenco to file an Answer if the Court denies Kenco's Motion to Stay the Proceedings.

**II.     FACTUAL BACKGROUND**

Many corporations track the time their employees work by using key cards, ID badges, or numerical codes for each employee. Kenco allegedly required its employees

to provide their fingerprints for the company's fingerprint timekeeping system ("fingerprint system"). Plaintiffs allege that Kenco's fingerprint system violated Illinois' Biometric Privacy Act ("BIPA") in three different ways. First, Plaintiffs allege that Kenco did not have a publicly available retention schedule. (Plaintiffs' Complaint #9, p. 14); 740 ILCS 14/15(a). Second, Plaintiffs allege that Kenco failed to obtain informed written consent from employees before obtaining their fingerprints. (Plaintiffs' Complaint #9, p. 15); 740 ILCS 14/15(d). Third, Plaintiffs allege that Kenco disclosed Plaintiffs' biometric information without their consent. (Plaintiffs' Complaint #9, p. 17); 740 ILCS 14/15(d).

Kenco argues the Court should stay proceedings pending the Illinois appellate court's decision in *McDonald*. In *McDonald*, an employer is also being sued for a fingerprint system, and the employer is arguing that Workers' Compensation Act ("IWCA") bars financial damages under BIPA for these types of claims. According to Kenco, the decision in *McDonald* could entirely resolve this matter because the state appellate court is determining whether financial damages under BIPA are preempted (i.e. barred) by the IWCA. Plaintiffs oppose the Motion to Stay and argue that the Illinois appellate court is unlikely to hold that BIPA is preempted by the IWCA.

**III.    Analysis**

**A. The District Court's Discretion to Stay Proceedings**

The Court has "broad discretion in deciding whether to stay proceedings as an incident to its power to control its own docket consistent with equity, judicial economy and the parties' interests." *United States Securities and Exchange Commission v. Glick*, 2019 WL 78958 at *5 (N.D. Ill. Jan. 2, 2019). "Courts often consider the following factors when deciding whether to stay an action: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Markel American Ins. Co. v. Dolan*, 787 F.Supp.2d 776, 779 (N.D. Ill. May 11, 2011).

### B. Federal Courts Applying State Law

A federal court sitting in diversity looks to "the courts of Illinois for guidance in determining the meaning of a statute." *Clarin Corp. v. Massachusetts General Life Ins. Co.*, 44 F.3d 471, 474 (7th Cir. 1994). "Where the state Supreme Court has not ruled on an issue, decisions of intermediate state courts control unless there are persuasive indications that the highest state court would decide the issue differently." *Id.* (citations omitted).

Here, the Illinois Supreme Courts and Appellate Courts have not addressed whether BIPA is preempted by IWCA in this factual scenario.

### C. Preemption Analysis

Although Illinois appellate courts have not considered the issue, several federal and state trial courts have ruled that the IWCA does not preempt the BIPA. *Peatry v. Bimbo Bakeries USA, Inc.*, 2020 WL 919202, at *6 (N.D. Ill. Feb. 26, 2020) (citing several state trial courts that have ruled that the IWCA does not preempt the BIPA); *Treadwell v. Power Solutions International Inc.*, 2019 WL 6838940 (N.D. Ill. Dec. 16, 2019); *McDonald v. Symphony Bronzeville Park LLC*, 1-19-2398 (Ill. Cir. Ct. June 17, 2019). Having reviewed these cases, the Court believes that the Illinois appellate courts will likely agree with the analysis of these lower courts.

A Plaintiff can avoid IWCA preemption if she establishes: "that the injury was not compensable under the [IWCA]." *Peatry v. Bimbo Bakeries USA, Inc.*, 2020 WL 919202, at *6 (N.D. Ill. Feb. 26, 2020) (citing *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1226 (Ill. 1990)); (Motion to Stay #7, p. 28). The Illinois Supreme Court held the test for whether an employee suffered a compensable injury under IWCA is: "whether there was a harmful change in the *human organism*—not just its bones and muscles, but its brain and nerves as well." *Treadwell v. Power Solutions International, Inc.*, 2019 WL 6838940 (N.D. Ill. Dec. 16, 2019) (emphasis in original) (quoting *Pathfinder Co. v. Indus. Comm'n*, 343 N.E.2d 913, 918 (Ill. 1976)). Under this test, two district court judges concluded that a Plaintiff's privacy injuries from an employer's alleged use of a non-compliant fingerprint system were not compensable under IWCA. *Peatry v. Bimbo Barkeries USA, Inc.*, 2020 WL 919202 at *6 (N.D. Ill. Feb. 26, 2020) (holding that the Plaintiff could proceed to discovery for her

fingerprint-timekeeping claims under the BIPA); *Treadwell v. Power Solutions International, Inc.*, 2019 WL 6838940 at *6 (N.D. Ill. Dec. 16, 2019) (denying defendant's Motion to Dismiss because plaintiff alleged plausible injuries that defendant's fingerprint timekeeping system violated Illinois' BIPA).

Without ruling on the question directly, the Court concludes it is unlikely that a state appellate court would rule that the IWCA preempts BIPA. Accordingly, it is also unlikely that a stay of the proceedings will streamline the issues for trial or reduce the burden of litigation on the parties. Therefore, Kenco's Motion to Stay is denied.

**IV.     Conclusion**

Kenco's Motion to Stay the proceedings (#7) is DENIED. Additionally, Kenco's Motion for an extension of time to file an answer is GRANTED. Kenco shall file an Answer within 14 days of the entry of this order.

ENTERED this 7th day of April, 2020.

                                            s/ERIC I. LONG
                                  UNITED STATES MAGISTRATE JUDGE